IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHERRI STRANGE,                    }
                                   }
     Plaintiff,                    }
                                   }       CIVIL ACTION NO.
v.                                 }       11-AR-2423-S
                                   }
THE TRAVELERS INDEMNITY            }
COMPANY,                           }
                                   }
     Defendant.                    }

## MEMORANDUM OPINION

The above-entitled action was filed by plaintiff, Sherri Strange ("Strange"), on May 31, 2011, in the Circuit Court of Jefferson County, Alabama, against defendant, The Travelers Indemnity Company ("Travelers"). It was timely removed by Travelers to this court pursuant to 28 U.S.C. § 1332, based on the admitted diversity of citizenship of the parties, and the existence of a sum exceeding $75,000 in controversy.

Strange charged Travelers (1) with contempt of the Circuit Court of Jefferson County for having failed to comply with the order entered by that court on May 23, 2003, and (2) with the tort of outrage under Alabama law.

Strange's complaint relies on the conceded fact that Travelers insured Strange for medical expenses arising out of work related injuries. Strange was injured at work and filed a workers compensation suit in the Circuit Court of Jefferson County. That suit was settled by order entered on May 23, 2003. In addition to

an agreed-upon lump sum for past due benefits, the state court's order recognized that Travelers remained obligated for future benefits due under the insurance contract. This final judgment did not contain any words of injunction, and therefore could not form any basis for the sanction of contempt. However, even if Travelers's conduct now complained of could constitute contempt of the state court, this court, as a federal court, has no jurisdiction over the issue. Strange did not move for partial remand of the contempt question to the state court, and has thus abandoned any such claim. She now pursues only her claim of outrage.

Travelers's answer asserts, *inter alia*, the statute of limitations as a defense. Alabama, which recognizes the tort of outrage under severely limited circumstances, has a two-year statute of limitations for the tort. Ala. Code § 6-2-38(*L*).

On January 26, 2012, Strange filed a motion to compel Travelers to produce a large number of documents. Strange's said motion was set for hearing on February 14, 2012. The hearing was interrupted and the motion was stayed as the result of an intensive colloquy between the court and the parties about the possible existence of undisputed facts by which Strange's claim would be time-barred. On the same date, the court ordered the parties on or before February 28, 2012, to supplement the materials of record and to file briefs **limited to the potentially dispositive question of**

**the bar of the two-year statute of limitations.**

On February 28, 2012, Travelers filed its "Response to Court's Order Regarding Statute of Limitations Defense". The said response attached voluminous evidentiary materials expressly for the purpose of proving that Strange's claim of outrage is time-barred. This evidentiary material has not been disputed by Strange. On February 24, 2012, four days before Travelers responded to the court's pointed *quaere*, Strange, rather strangely (no pun intended) filed what she entitled "Plaintiff's Memorandum in Support of the Motion to Compel". She ignored the statute of limitations problem that Travelers and the court had confronted her with. The said problem was the only subject of this court's order of February 14, 2012. This court had also clearly ordered a **stay** of Strange's motion to compel until the statute of limitations question was resolved. After Travelers's response of February 28, 2012, the court gratuitously entered an order granting Strange until March 9, 2012, to respond to Travelers's evidence and brief. She has filed nothing. In other words, she has made no effort to show, by affidavit or otherwise, how and when she discovered that she was a victim of such egregious conduct by Travelers that she could reasonably conclude, and did conclude, that Travelers had committed the tort of outrage. She leaves the court with an enigma. Something **actually occurring**, and not some unfathomable mental process of the plaintiff, must call the plaintiff's attention to

the outrageous conduct complained of, and date of the epiphany must have occurred at some time within the two year period preceding the filing of suit.

### Undisputed Facts that Confirm the Statute of Limitations as a Bar.

First, after the state court entered its order of May 23, 2003, Travelers continued to pay or to reimburse all of Strange's medical bills, without dispute, until a disagreement between the parties arose in June, 2009 as to whether a particular medical procedure on Strange's foot was covered. The issue was thereafter resolved and the benefits paid. There was nothing said or otherwise communicated by Travelers during that dispute that can remotely be thought to be outrageous or threatening. Travelers, like any insurance company, has the right to explore and to evaluate each particular claim before paying it. There is not the slightest suggestion that the June, 2009 disagreement was accompanied by any overbearing insistence that Strange make a lump sum settlement with Travelers as a condition of its paying for the foot procedure. In fact, according to the record, nothing along those lines took place. If the June, 2009 incident could be described as a manifestation of an ongoing tort, or a effort by Travelers to force Strange into an unfair compromise settlement, she did not let it be known until May 31, 2011, when she filed this suit.

Second, the only written evidence of an offer of an overall

4

settlement by Travelers is a letter written on March 3, 2004, by Travelers to Strange, seven years before she filed this suit.  If Strange considered the 2004 letter to constitute a tortious act, she did not communicate her said thought to Travelers, although she had a lawyer at the time.  Instead, she declined Travelers's offer and continued to present her medical claims to Travelers as they occurred, and Travelers paid them.  Now she must be implicitly claiming that her cause of action for outrage accrued when she became "emotionally upset" at some indeterminate and unascertainable time after May 31, 2009, but before May 31, 2011.  There is no evidence whatsoever that Travelers approached her about settlement at any time during the two-year period preceding the filing of suit, or that it did anything, or refused to do anything, deliberately to upset her.  Travelers's periodic, routine printed report-forms sent to Strange, and to all of its similarly situated insureds, cannot be construed by any reasonable juror to have been coercive or threatening.  If, in every instance in which an insurance company disputes a particular claim, the potential tort of outrage is deemed committed at that moment, and in Alabama remains viable as a cause of action for a period of two years thereafter, all while the insurance company continues to pay claims, the courts would be overrun with outrage claims.  There was nothing tortious about Travelers's 2004 offer.  The said offer was the only offer made by Travelers supported by evidence.

Third, except for the dispute in June, 2009, Travelers has never disputed or refused to pay a claim for benefits submitted by Strange. It has paid every one. This fact directly repudiates any claim that a malicious insurance company was unduly pressuring its insured. Undated and unprovoked suspicion by Strange and/or her lawyers is not enough. Disappointment is not enough.

## Conclusion

If Strange's argument is that Travelers's offer of settlement in 2004 was outrageous and started a continuous tort of outrage, apparently not ending until May 31, 2011, her contention makes no sense. If Travelers engaged in any conduct that would meet Alabama's high standard for establishing the tort of outrage, there is nothing in the evidence here to pinpoint any activity by Travelers that could have triggered the **continuous** tort of outrage. The choice of May 11, 2011, as the date upon which to file suit may have been for the purpose of avoiding a two-year statute of limitations, but when did the statute start to run? The court is left to guess, something it cannot do.

The court, having notified the parties of the dispositive issue upon which there probably was no dispute of material fact, and a reasonable time having elapsed since the giving of the said notice, and Strange not having presented any evidence whatsoever to support any tort of outrage that accrued within the two years before May 31, 2011, the action will dismissed by separate order,

6

pursuant to the bar of the statute of limitations and Rule 56(f)(3), F.R.Civ.P., which allows the court to act on it own initiative under the circumstances that here exist.

DONE this 4th day of April, 2012.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE